# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **23-03750-eg**

## Order Holding Zakiyyah Walker in Civil Contempt

The relief set forth on the following pages, for a total of 9 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**11/07/2024**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 11/07/2024

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

IN RE:

Judith Ann Corey,

                Debtor(s).

C/A No. 23-03750-EG

Chapter 13

**ORDER HOLDING ZAKIYYAH WALKER IN CIVIL CONTEMPT**

**THIS MATTER** is before the Court on the Order and Rule to Show Cause (the "Rule to Show Cause")[1] entered on October 8, 2024, in response to the Motion for Rule to Show Cause (the "Motion to Show Cause")[2] filed by the Acting United States Trustee for Region Four (the "UST") requesting the appearance of Zakiyyah Walker ("Walker") to show cause why sanctions, including but not limited to a finding of civil contempt, should not be imposed for her failure to comply with subpoenas and previous orders issued by this Court. The Court held a hearing on November 5, 2024, at which Walker failed to appear.

**FACTUAL BACKGROUND**

Judith Ann Corey ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 5, 2023, *pro se*. On page 9 of the Voluntary Petition, Debtor indicates that she paid or agreed to pay someone who is not an attorney—identified as Walker—to help her fill out her bankruptcy forms. No Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119), however, was ever filed as required by the Bankruptcy Code. The Court dismissed this case on March 27, 2024, based

---

[1] ECF No. 77.
[2] ECF No. 76, filed Oct. 4, 2024.

1

on Debtor's failure to cure certain deficiencies, but has kept the case open to allow the UST time to investigate any possible issues arising under 11 U.S.C. § 110.[3]

On August 7, 2024, upon Motion of the UST (the "2004 Motion"), the Court entered an Order (the "2004 Order") requiring Walker to submit to an examination through Zoom or other videoconference platform on August 29, 2024 at 10:00 a.m., and authorizing the UST to issue a subpoena to Walker directing her to produce certain documents.[4] According to the Court's records and exhibits provided by the UST, the 2004 Motion and the 2004 Order were served by first class mail and the UST's subpoena was served by FedEx upon Walker at her address in Johns Island, South Carolina.[5] On September 6, 2024, the UST filed a Motion Seeking to Compel Attendance of Walker at Fed. R. Bankr. P. 2004 Examination (the "Motion to Compel"), noting that Walker failed to appear for the scheduled 2004 examination and did not provide the documents requested through the subpoena. The Court thereafter entered an order (the "Order to Compel")[6] granting the relief sought, directing the UST to serve a copy of the Order, along with the subpoenas via certified mail and/or personal service pursuant to Fed. R. Civ. P. 45, and further ordering as follows:

> Walker shall comply with the newly served UST's document subpoena and shall produce the requested documents within three (3) business days after service is effected on Walker. . . .
> Walker shall appear at the rescheduled 2004 examination **at 10:00 a.m. on September 20, 2024 through Zoom or other videoconference platform**. Walker shall contact the UST's office **by no later than September 17,**

---

[3] *See* ECF No. 54 (ordering that the case be dismissed but kept open by the clerk's office for 45 days); ECF No. 60 (granting the UST's request to keep the case open for an additional 90 days to complete discovery); ECF No. 66 (granting a further extension of time for the case to be kept open until September 23, 2024).
[4] ECF Nos. 62 and 63. The 2004 Order was later amended on August 9, 2024. ECF No. 65.
[5] *See* Certificate of Service, ECF No. 67 (certifying that the UST's Office mailed the amended 2004 Order to Walker by first class mail on August 9, 2024, and served the subpoena on her by FedEx); UST's Motion to Compel, ECF No. 69, Ex. B (FedEx delivery receipt confirming delivery of the subpoena to Walker's address on August 13, 2024).
[6] ECF No. 70, entered Sept. 11, 2024.

> **2024** to (a) receive information to connect through Zoom or other videoconference platform for the examination; (b) to the extent that she is not able to attend the rescheduled 2004 examination on September 20, 2024, to discuss with the UST the rescheduling of the examination to a date that is agreeable to the UST; and (c) to the extent that additional time to produce the documents is required, to discuss same with the UST.

The Order to Compel further noted that the Court "reserves jurisdiction to issue additional sanctions against Walker upon the filing of a further motion by the UST should Walker fail to produce the documents or appear at the rescheduled 2004 examination as required." The UST served the Order to Compel and a new subpoena on Walker by FedEx, which was delivered to Walker's address and apparently signed for by "Z. Walker" on September 18, 2024.[7]

On October 4, 2024, the UST filed the Motion to Show Cause, wherein the UST indicated that Walker had failed to (1) produce documents responsive to the UST's subpoena, (2) attend the rescheduled 2004 examination, and (3) comply with the other provisions of the Order to Compel. The Motion to Show Cause requested that Walker be ordered to appear before the Court to show cause why she should not be held in civil contempt. The Court then issued the Rule to Show Cause, ordering Walker to appear at a hearing scheduled for November 5, 2024, and show cause why sanctions—including, but not limited to, a finding of civil contempt—should not be imposed. The Rule to Show Cause further provided that any response should be filed by October 29, 2024, and ordered Walker to contact counsel for the UST by no later than October 25, 2024 to reschedule the

---

[7] *See* Certificate of Service, ECF No. 71 (certifying that the UST's Office mailed the Order to Compel and new subpoena to Walker via FedEx on September 17, 2024); Certificate of Service, ECF No. 73 (certifying that the Order to Compel and new subpoena were delivered to Walker by FedEx on September 18, 2024); UST's Motion to Show Cause, ECF No. 76, Ex. C (showing the documents served, providing a FedEx delivery receipt confirming that the documents were delivered to Walker's address on September 18, 2024 and signed for by "Z. Walker," and providing an image of the cursive signature of the recipient that resembles the name Zakiyyah Walker).

3

2004 examination and discuss what documents are in her possession that she must produce pursuant to the UST's subpoena. Walker did not file a response to the Rule to Show Cause, did not make any attempts to contact the UST's office, and did not appear at the hearing on November 5th.

At the Rule to Show Cause hearing, counsel for the UST indicated he had made several attempts to contact Walker to no avail.[8] Counsel indicated that the UST's Office received discovery from Debtor that revealed Walker's address and contact information, which the UST then verified through other sources. The UST's counsel also noted that Walker has been involved as a bankruptcy petition preparer ("BPP") in several other cases filed in this District and that, according to information received from Debtor, was paid $275.00 for services provided to Debtor in this case. The Court indicated that an order would be entered determining what sanctions would be imposed and providing that Walker would have the opportunity to purge those sanctions by appearing at a continued hearing on November 19, 2024.

## DISCUSSION AND CONCLUSION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

Walker failed to comply with a subpoena duly issued under Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, and related orders issued by this Court to compel her cooperation with the UST's investigation. Accordingly, this Court is authorized to hold Walker in civil contempt under Fed. R. Civ. P. 45(g), which

---

[8] *See* Certificate of Service, ECF No. 73 ("The UST called Ms. Walker to verify this, and while the voice message confirmed that the telephone number did belong to Ms. Walker, her voice mailbox was full and the UST could not leave a message."); Motion to Show Cause, ECF No. 76, ¶ 12 ("On another attempt, the UST was able to leave Walker a voice message.").

4

provides that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *See In re Ergle*, 656 B.R. 483 (Bankr. D.S.C. 2024) (finding debtor's spouse in civil contempt for failing to obey the Chapter 7 trustee's subpoena and failing to comply with prior court orders to appear for Rule 2004 examination and issuing per diem sanctions). Bankruptcy courts also have the authority to impose sanctions for civil contempt pursuant to 11 U.S.C. § 105(a), which provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Permissible forms of civil contempt sanctions include *per diem* fines for failing to comply with an order to induce compliance. *See Ergle*, 656 B.R. at 488 (ordering that a sanction of $200.00 per day would apply if the debtor's spouse failed to appear for the rescheduled 2004 examination and would continue to accrue until she finally appeared for examination); *In re Kennedy*, 633 B.R. 293, 296 (Bankr. D.S.C. 2021) (authorizing the debtors' counsel to disburse to the debtors $100.00 per day from insurance proceeds held in his escrow account, beginning 11 days after entry of the order imposing sanctions and continuing until such time the creditor fully complies or the funds exhausted, if the offending creditor failed to timely comply with the order); *In re Gregg*, 428 B.R. 345, 348 (Bankr. D.S.C. 2009) (imposing civil contempt sanction of $500.00 per day, beginning 10 days after entry of order imposing sanction, and explaining such was "necessary in order to coerce [the offending party's] compliance with this Court's Orders"); *Riley v. Sciaba* (*In*

5

re *Sciaba*), 334 B.R. 524, 526 (Bankr. D. Mass. 2005) (imposing *per diem* sanctions to accrue each day until the debtor's mother produced the documents requested by subpoena).

Though not every error or omission should serve as a basis for sanctions, "sanctions are more likely for 'instances of intentional misconduct [and] blatant disregard for clear orders and rules . . . .'" *Kennedy*, 633 B.R. at 295 (quoting *In re Thomas-Wright*, No. 16-03950-JW, slip op. at 5 (Bankr. D.S.C. Sept. 27, 2017)); *see also In re Seaver*, 640 B.R. 555, 557 (Bankr. D.S.C. 2022) (quoting *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801-02 (2019)) (noting that "[u]nder federal law, the standard for making a civil contempt finding 'is generally an objective one,' and civil contempt 'should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct.'"). Civil contempt sanctions are "designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

A fine line exists between civil and criminal contempt sanctions, the latter of which serve as retrospective punishment for "a completed act of disobedience" and are outside the scope of a bankruptcy court's contempt powers. *See id*. at 829; *Matter of Highland Cap. Mgmt., L.P.*, 98 F.4th 170, 174 (5th Cir. 2024) ("[B]ankruptcy courts may issue contempt orders, but any contempt sanction imposed by a bankruptcy court must be civil."). However, courts have found that issuing a *per diem* fine for the purpose of coercing a party's compliance with a discovery order is consistent with one of the primary aims of civil contempt. *See, e.g., James River Equip. v. Justice Energy Co*., 692 Fed. Appx. 739 (4th Cir. 2017); *Int'l Union,* 512 U.S. at 829 ("[A] per diem fine imposed for each day

6

a contemnor fails to comply with an affirmative order . . . exert[s] a constant coercive pressure, and once the judicial command is obeyed, the future, indefinite, daily fines are purged."). Moreover, contempt sanctions are more likely to be considered civil in nature where the sanctioned party is given the opportunity to purge those sanctions upon fulfilling the sought-after compliance. *See Int'l Union*, 512 U.S. at 829 (citing *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 590 (1947)) ("Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge."); *In re Lewis*, 611 Fed. Appx. 134, 137 (4th Cir. 2015).

In the matter presently before the Court, Walker has ignored not only the Trustee's subpoenas, but also several prior orders of the Court. Despite receiving proper service of the UST's subpoenas and these Court's orders, Walker failed to appear for either the original or rescheduled Rule 2004 examination—both of which were arranged to take place through Zoom or other videoconference platform—and failed to appear at the hearing on the Rule to Show Cause. Walker has also failed to contact the UST to provide documents, request additional time to comply with the subpoena, or reschedule the 2004 examination for a date and time that would better accommodate her schedule. As a result, the UST's Office has incurred the expense of filing multiple motions to compel Walker's cooperation with its investigation. This is concerning for the Court, particularly if Walker is continuing to offer her services as a BPP to debtors in this District while blatantly disregarding this Court's orders. Moreover, given the record before it and the representations of counsel for the UST, the Court is satisfied that Walker has received proper notice because, according to the representations of UST's counsel, the address to which notices were sent to Walker and the phone number at which the UST attempted to call Walker were consistent with the

7

contact information that Debtor used to communicate with Walker in preparing her bankruptcy petition. For the reasons set forth above,

**IT IS ORDERED** that Zakiyyah Walker is found to be in **civil contempt** of this Court.

**IT IS FURTHER ORDERED** that a sanction of **$150.00 per day** shall apply beginning on the date of the original Rule to Show Cause hearing (November 5, 2024) and continuing to accrue until (a) Zakiyyah Walker complies with the UST's subpoenas and is examined by the UST, or (b) as otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that the hearing on the Rule to Show Cause is hereby continued to **November 19, 2024 at 11:00 AM at the J. Bratton Davis U.S. Bankruptcy Courthouse, 1100 Laurel Street, Columbia, S.C. 29201**. The date, time, and/or location of the continued hearing may only be amended by order of the Court upon written request filed with the Court in accordance with the Local Bankruptcy Rules.

**IT IS FURTHER ORDERED that Walker can purge herself of the civil contempt imposed herein by appearing before the Court at the hearing on November 19, 2024**.

**IT IS FURTHER ORDERED** that to the extent Walker fails to appear at the hearing on November 19, 2024, the Court may enter a judgment against Walker for the total amount of the sanction to be imposed.

**IT IS FURTHER ORDERED that the Clerk's Office shall immediately serve a copy of this order on Zakiyyah Walker by first class mail delivered to 2835 Ardwick Rd., Johns Island, S.C. 29455.**

**AND IT IS SO ORDERED.**

8