**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 23-03750-EG |
| Judith Ann Corey, | Chapter 13 |
| Debtor(s). | ORDER IMPOSING STATUTORY DAMAGES PURSUANT TO 11 U.S.C. § 110 |

**THIS MATTER** is before the Court on the *Motion for Entry of an Order Pursuant to 11 U.S.C. § 110 Requiring Forfeiture of Fees Received and Imposition of Fines as to Zakiyyah Walker* (the "Motion for Sanctions") filed by the Acting United States Trustee for Region Four (the "UST").[1] The Motion for Sanctions argues that Zakiyyah Walker ("Walker") is a bankruptcy petition preparer ("BPP") within the meaning of 11 U.S.C. § 110(a)(1) and should be subject to fines and forfeiture of fees for failing to comply with the statutory requirements imposed on BPPs under the Bankruptcy Code. The Court held a hearing on the Motion for Sanctions, at which time Counsel for the UST ("Counsel") introduced several exhibits that were admitted into evidence without objection,[2] and the Court heard testimony from Walker, who appeared at the hearing *pro se*.[3] At the conclusion of the hearing, the Court took the matter under advisement.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). While ultimately the issues for the Court to determined are whether Walker violated 11 U.S.C. § 110 and, if so, what sanctions should be imposed, this Order more generally addresses (1) what documents § 110 requires a BPP

---

[1] ECF No. 101, filed Apr. 23, 2025.
[2] UST's Ex. A-E.
[3] The notice of the hearing set an objection deadline of May 27, 2025. *See* ECF No. 102. Though no responses or objections were filed, Walker articulated her objections to the Motion for Sanctions at the hearing.

1

to sign, and (2) whether a BPP bears the ultimate responsibility to ensure that the information required to be disclosed under § 110 is filed with the Court. Based on the evidentiary record before it, Walker's testimony, and the arguments of the parties, the Court makes the following findings of fact and conclusions of law:

## FACTUAL BACKGROUND

Judith Ann Corey ("Debtor") filed a voluntary petition (the "Petition") under Chapter 13 of the Bankruptcy Code on December 5, 2023 (the "Petition Date"), *pro se*. On page 9 of the Petition, Debtor indicates that she paid or agreed to pay someone who is not an attorney—identified as Walker—to help her fill out her bankruptcy forms. No Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119), or Disclosure of Compensation of Bankruptcy Petition Preparer (Official Form B2800), however, was ever filed as required by the Bankruptcy Code and Bankruptcy Rules. The Court dismissed this case on March 27, 2024, based on Debtor's failure to cure certain deficiencies, but kept the case open to allow the UST time to investigate any possible issues arising under 11 U.S.C. § 110.

Much has transpired in this case since the dismissal date, though most of that history is not relevant to the matter at hand and does not need to be repeated here.[4] As part of its investigation, the UST conducted a Rule 2004 examination of Walker, who also produced documents in compliance with the UST's subpoenas. The UST thereafter filed the Motion for Sanctions, asserting that Walker is a BPP subject to sanctions for violating certain statutory requirements under 11 U.S.C. § 110(b)(1), (b)(2), (c)(1), and (h)(2). The UST requests that the Court sanction

---

[4] The Court hereby incorporates by reference the findings of fact made in three of the Court's prior orders: the Order Holding Zakiyyah Walker in Civil Contempt (ECF No. 84), the Supplemental Order Setting Conditions for Zakiyyah Walker to Purge Herself from Civil Contempt (ECF No. 88), and the Order Purging Contempt and Holding Case Open for Additional 60 Days (ECF No. 96).

Walker by (1) requiring her to forfeit the $260[5] fee paid for her services in preparing Debtor's bankruptcy documents pursuant to § 110(h)(3)(B); (2) fining Walker $2,000—consisting of $500 per violation of § 110—and tripling that amount for a total fine of $6,000 pursuant to § 110(*l*); and (3) requiring Walker to pay Debtor $2,000 pursuant to § 110(i)(1)(B).

The Court held a hearing on the Motion for Sanctions on June 3, 2025. Walker appeared *pro se* and, though she did not introduce any exhibits into evidence, testified about the services she performed and the bankruptcy documents she prepared for Debtor. Walker affirmed that she is not an attorney. She testified that she has prepared bankruptcy documents for debtors in approximately 50-60 cases, nearly all in Ohio except for one case in Georgia and Debtor's case in South Carolina. Walker confirmed that Debtor paid her $260 as compensation for her services. In exchange, Walker testified that she prepared the following documents that Debtor subsequently filed with the Court: the Petition (Official Form 101), Schedules A-J, the Declaration About an Individual Debtor's Schedules (Official Form 106Dec), the Summary of Assets and Liabilities (Official Form 106Sum), the Chapter 13 Statement of Current Monthly Income (Official Form 122C-1), the Statement of Financial Affairs (Official Form 107), and the Application for Individuals to Pay the Filing Fee in Installments (Official Form 103A).[6] The Court's records reflect that Debtor also filed a Statement About Your Social Security Numbers (Official Form 121), which Walker testified she prepared and provided to Debtor to sign.[7] Walker confirmed that of the documents she prepared and that Debtor filed with the Court, Walker's name only appears

---

[5] In the Motion for Sanctions, the UST indicated that Walker's fees were $275. However, at the hearing on the Motion for Sanctions, Counsel clarified that Walker's fees were actually $260 and the UST was only seeking the forfeiture of fees in that amount.
[6] UST's Ex. D; *see also* ECF Nos. 1, 15.
[7] *See* UST's Ex. E (including an unsigned and redacted copy of Official Form 121 that Walker identified as the version of Form 121 she sent to Debtor); ECF No. 4.

3

Document      Page 4 of 18

on Page 9 of the Petition and Form 106Dec. Walker acknowledged that none of the documents filed with the Court included Walker's signature, address, or Social Security number.

Pursuant to her testimony, Walker prepared and sent Debtor additional documents that the Court's records reflect were never filed. These additional documents, which Walker produced during the UST's investigation, include a three-page creditor matrix; the Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119) (the "BPP Declaration"); and the Disclosure of Compensation of Bankruptcy Petition Preparer (Form B2800) (the "Fee Disclosure").[8] Both the BPP Declaration and the Fee Disclosure contain Walker's printed name, signature, address, and Social Security number, as well as a signature date of November 28, 2023.[9] She indicated that among the documents she prepared, these two forms were the only ones she signed. Both forms note which documents Walker prepared for Debtor, though Walker admitted that she listed "form 113" (corresponding to the official form used for Chapter 13 plans) on the Fee Disclosure by mistake and clarified that while she may have filled out the portion of that form with Debtor's identifying information and other general information, she did not provide a completed Form 113 to Debtor, as she does not fill out the plan payment information for her clients.

Walker testified that she emailed the BPP Declaration and the Fee Disclosure to Debtor and instructed her to file them with her other bankruptcy documents. Counsel, on the other hand, indicated that the BPP Declaration and the Fee Disclosure were not among the documents that

---

[8] UST's Ex. E. Exhibit E also includes unsigned copies of the Petition, Form 103A, and Form 121 that Walker identified as the versions she emailed to Debtor and instructed Debtor to sign and file. While the Mailing List filed with Debtor's Petition and included in UST's Exhibit D lists only one creditor, the creditor matrix that Walker identified as the version she prepared contains a three-page list of creditors (with an address for each) in alphabetical order. It appears from the Court's records that the creditor matrix Walker prepared was never filed. Debtor filed an Amendment to List of Creditors that contains a mailing matrix with multiple creditors listed out of alphabetical order, but that matrix does not match the version Walker prepared, and Walker testified that she did not create the version that was filed or any of the other amended filings in this case. *See* ECF No. 35, filed Jan. 16, 2024.

[9] Walker's address and the first five digits of her Social Security number were redacted from the copies of the documents introduced into evidence.

4

Debtor provided as part of the UST's investigation. However, emails between Walker and Debtor included in UST's Exhibit B—which Counsel identified as documents Debtor produced for the investigation—appear to reference the two signed forms. Exhibit B reflects that on Monday, December 4, 2023, at 4:16 p.m., Walker sent an email to Debtor which stated, in part: "Do not file anything yet. I want to get you the creditor matrix first so that can go in with the set of documents that I sent you. Also, I had to sign two of them so I will have to scan and email them to you."[10] Debtor replied at 4:20 p.m. the same day, saying that "sounds good."[11] At 5:06 p.m. later that same day, Walker emailed Debtor: "Here are the scanned documents with my signatures. Don't forget to sign them."[12] Debtor replied at 6:19 a.m. the following day, stating "I printed the entire package, signed it, scanned it to myself and will e file it this morning."[13]

Counsel indicated at the hearing that it is the UST's position that to comply with 11 U.S.C. § 110, a BPP's name, address, signature, and Social Security number must be included on each and every document the BPP prepares (*i.e.*, with a completed Form 119 attached to each), even if multiple such documents are filed together with one completed Form 119. Walker testified that the UST's position did not comport with the procedure she learned from her training in petition preparation with past employers, and that she understood the forms to require that only one Form 119 be filed. She argued that because most forms do not provide express instructions or space to include a BPP's information, and the ones that ask the Debtor to identify the BPP's name instruct the filer to attach a completed Form 119, she was only required to provide one copy of the completed BPP Declaration and Fee Disclosure.

---

[10] UST's Ex. B, at 4.
[11] *Id*.
[12] *Id*. at 3.
[13] *Id*.

Walker testified that for every bankruptcy case in which she prepared documents for the debtor, she provided the documents to the debtor to file; she never filed any documents with courts directly. She further testified that she has never been sanctioned, called into court, or required to forfeit fees for petition preparation services she has performed in other districts. However, Walker admitted she does not monitor cases or follow up with debtors, including in this case, to verify that forms with the required BPP information are filed in compliance with § 110. In this case, Walker argued that she only learned that the BPP Declaration and Fee Disclosure had not been filed when she received the Court's orders regarding the UST's investigation. Counsel argued that it is the BPP's responsibility to ensure that the documents required by § 110 are filed, so even if she did provide the BPP Declaration and Fee Disclosure to Debtor, Walker nevertheless violated § 110(b)(1), (b)(2), (c), and (h)(2) because those forms were never filed with the Court. Though Counsel stated earlier in the hearing that, depending on what Walker testified, the UST may also ask the Court to find that Walker violated § 110(e)—the subsection prohibiting BPPs from offering legal advice to debtors—Counsel ultimately did not seek penalties under that subsection. Rather, Counsel asked that the Court grant the same relief as requested in the UST"s Motion for Sanctions, only adjusting the requested amount of fees to be forfeited to $260—based on a correction as to what Debtor paid Walker for her services.

## DISCUSSION AND CONCLUSION

Recognizing the problems that arise when those who "know marginally more about bankruptcy than their clients" provide debtors with "fragmented and incomplete legal assistance, the inadequacies of which are not readily apparent to debtors," Congress added § 110 to the Bankruptcy Code to clearly limit non-attorneys in the tasks they can perform for individuals filing for bankruptcy. *In re Monson*, 522 B.R. 340, 346-47 (Bankr. D. Utah 2014) (quoting *In re Gomez*,

6

259 B.R. 379, 388 (Bankr. D. Colo. 2001)); *see also In re Ortega*, 629 B.R. 529, 535 (B.A.P. 1st Cir. 2021) (quoting *Gebhardt v. Fundación Lucha Por Padres Convictos Por Pensión, Corp.* (*In re Vega Belen*), Adv. Pro. No. 12-00192, 2013 WL 5502958, at *3 (Bankr. D.P.R. Oct. 2, 2013)) ("Enacted to address the proliferation of bankruptcy petition preparers not employed or supervised by attorneys, the provision limits the types of activities in which bankruptcy petition preparers can be engaged, particularly with respect to providing legal advice or engaging in the unauthorized practice of law."); *Gomez*, 259 B.R. at 385 ("Congress' clear intent was that § 110 authorize bankruptcy petition preparers to provide only scrivener services, limited to clerical services such as copying and typing."). "Courts applying § 110 since its enactment have construed it relatively broadly in order to give effect to its remedial mandate." *In re Williams*, 588 B.R. 259, 261-62 (Bankr. M.D. Fla. 2018). Section 110 of the Bankruptcy Code provides several rules that a person who qualifies as a BPP must follow in providing services to debtors. *In re Boatwright*, 603 B.R. 2, 5 (Bankr. D.S.C. 2019). The Bankruptcy Code defines "bankruptcy petition preparer" as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing"—such as a petition, schedules, or other pleading—to be filed with the court presiding over a debtor's bankruptcy case. 11 U.S.C. § 110(a)(1).

Based on the evidence presented, Walker qualifies as a BPP within the meaning of § 110(a)(1). She testified that she is not an attorney and that she was paid $260 for preparing several bankruptcy documents for Debtor to file with the Court. Accordingly, the remaining issues to be decided are (1) whether Walker violated § 110(b)(1), (b)(2), (c)(1), and/or (h)(2), and (2) if so, what fines or damages the Court should impose.

7

**I.    Violations of 11 U.S.C. § 110**

Section 110 imposes various rules that BPPs must follow in assisting debtors with bankruptcy filings.  *See Ortega*, 629 B.R. at 535 (summarizing key requirements); *Boatwright*, 603 B.R. at 5; *In re McDonald*, 497 B.R. 489, 493 (Bankr. D.S.C. 2013).  Some of these rules require the disclosure of information identifying who prepared the debtor's documents.  When preparing a document for filing, § 110(b)(1) requires the BPP to "sign the document and print on the document the preparer's name and address."  11 U.S.C. § 110(b)(1).  Pursuant to § 110(c), the BPP must also provide her Social Security number after the signature.  *See* 11 U.S.C. § 110(c)(1), (c)(2)(A).[14]  Other subsections of § 110 concern the additional forms that must be filed with documents prepared by a BPP.  Under § 110(b)(2)(A), "[b]efore preparing any document for filing or accepting any fees from or on behalf of a debtor," the BPP must provide the debtor with a "written notice . . . on an official form prescribed by the Judicial Conference of the United States in accordance with rule 9009 of the Federal Rules of Bankruptcy Procedure"—that is, Official Form 119.  11 U.S.C. § 110(b)(2)(A).  That notice must, at a minimum, (a) "inform the debtor in simple language that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice," (b) be signed by the debtor and BPP under penalty of perjury, and (c) "*be filed* with any document for filing."  11 U.S.C. § 110(b)(2)(B) (emphasis added).  Additionally, the debtor's petition must be filed with "a declaration under penalty of perjury" (Form B2800) disclosing any compensation the BPP received or is owed for her services.  11 U.S.C. § 110(h)(2).

---

[14] Subsection (c)(1) provides: "A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document." 11 U.S.C. § 110(c)(1).  Subsection (c)(2)(A) then provides that when the BPP is an individual, "for purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation." 11 U.S.C. § 110(c)(2)(A).

### A. No Clear Violations of § 110(b)(1) or (c) Exist in This Case

Based on the statutory language, the Court is not convinced that Walker expressly violated § 110(b)(1) and (c) so as to require that fines be imposed under those subsections. As indicated above, the text of subsection (b)(1) requires that "[a] bankruptcy petition preparer who prepares a document for filing *shall sign the document and print on the document the preparer's name and address*." 11 U.S.C. § 110(b)(1) (emphasis added). Subsection (c)(1) then indicates that "[a] bankruptcy petition preparer who prepares a document for filing *shall place on the document, after the preparer's signature, an identifying number* that identifies individuals who prepared the document." 11 U.S.C. § 110(c)(1) (emphasis added). Section 110 defines a "document for filing" as "a petition or any other document prepared *for filing by a debtor* in a United States bankruptcy court or a United States district court in connection with a case under this title." 11 U.S.C. § 110(a)(2) (emphasis added). The plain language of this definition lacks any clear indication that a document prepared for a given case must actually be filed with a court to qualify as a "document for filing," and the text of subsections (b)(1) and (c) are similarly devoid of any reference to documents that must in fact be filed. All that § 110(b)(1) and (c) expressly require the BPP to do is sign and print her name, address, and Social Security number on the bankruptcy documents she prepares. Here, the Court found Walker's testimony credible, and when considered along with the email communications in Exhibit B and the unfiled documents signed by Walker in Exhibit E, the evidence indicates that Walker signed and printed the required information on the BPP Declaration and Fee Disclosure and provided those forms to Debtor for filing concurrently with the other documents Walker prepared. Accordingly, the Court is unable to find that Walker failed to comply with § 110(b)(1) and (c).

The Court notes that differences between what the Code says and what the current official forms provide create some ambiguity as to whether a BPP must provide the information required by (b)(1) and (c) on <u>every</u> document she prepares—in which case Walker did not comply with those subsections—or just on Forms 119 and B2800. The UST's position is that the Code requires such information accompany every document prepared, with the BPP's information either written on the document itself or provided on a completed Form 119 attached to each one individually. Following the UST's logic, if a debtor concurrently filed ten documents prepared by a BPP, then the BPP's name, signature, address, and Social Security number would need to be repeated on each document—even where no space is provided for them—or attached to each in ten separate Form 119s.

The Court disagrees. Official Form 119—as currently worded—dispenses of such redundancy and does not require a BPP to go to such lengths to comply with § 110. The following explanation from Collier provides clarity on this issue:

> Official Form 119 . . . contains spaces in which each preparer who prepared documents in the case must supply his or her printed or typed name, Social Security number, address, telephone number and signature, and provides that the declaration in the form "is made a part of each document that I check" on that form, designating which documents were prepared by the petition preparer. This statement is an attempt by the drafters of the forms to comply with section 110(b) and (c), requiring that *each document prepared* contain the preparer's name, address, signature and Social Security number . . . .

2 COLLIER ON BANKRUPTCY ¶ 110.03[2] (16th ed.) (emphasis theirs) (further noting that "[a]lthough it is questionable whether the forms carry out the literal language of the statute, it is hard to envision a situation where this nonconformity would be challenged"). The court in *In re Rosario* reached a similar conclusion based on the Committee Notes to Official Form 19 (superseded in 2015 by Official Form 119):

10

> Form 19 was originally intended to be completed and filed separately for each document. *See* 1995 Committee Notes. Form 19 was amended in 2007, however, to permit a petition preparer to comply with the § 110(b)(1) and (c) disclosure and identification requirements with regard to "multiple documents prepared for a single filing," 2005–2007 Committee Note, without having to separately complete and file Form 19 with each individual document. . . . Thus, when multiple documents are filed at one time, the preparer can comply with the disclosure and identification requirements by signing and identifying him or herself on just one Form 19 and listing there all the prepared documents.

493 B.R. 292, 346 (Bankr. D. Mass. 2013); *see also Bolden v. Jackson* (*In re Bolden*), Adv. Pro. No. 23-02067, 2024 WL 3403205, at *19 (Bankr. E.D. Wis. July 12, 2024) ("When a completed Official Form 119 is submitted with documents prepared by the bankruptcy petition preparer, the form suffices to comply with the requirements of []§ 110(b) and (c) so long as the petition preparer discloses each document she prepared."); *Official Form 119 Committee Notes*, U.S. COURTS (Dec. 1, 2015), https://www.uscourts.gov/sites/default/files/form_b119_cn.pdf; *Official Form 101 Committee Notes*, U.S. COURTS (June 22, 2024), https://www.uscourts.gov/sites/default/files/form101_committee_note.pdf (explaining in the 2015 Committee Note that the declaration and signature section for BPPs in Part 7 of the voluntary petition form was "removed as unnecessary" and the same declaration is contained in Official Form 119). Accordingly, the Court concludes that when multiple documents prepared by a BPP are filed concurrently, only one completed Official Form 119, identifying which documents the BPP prepared, must be filed to satisfy § 110(b) and (c).

### B. Walker Violated § 110(b)(2) and (h)(2)

As for the other subsections of § 110 raised by the UST, the record reflects that Walker violated 11 U.S.C. § 110 (b)(2) and (h)(2). Those subsections refer to forms signed by the BPP under penalty of perjury that "shall" be filed with any document the BPP prepares that is in fact filed with the Court. The BPP Declaration and Fee Disclosure already contained all of the

11

information Walker needed to provide: her name, signature, address, and Social Security number. Thus, the requirements under (b)(2) and (h)(2) would have been satisfied if the BPP Declaration was signed by Debtor and both completed forms filed with the Petition. However, the fact of the matter is that the BPP Declaration and Fee Disclosure were never filed with the Court and therefore did not accompany the filed documents as required by (b)(2) and (h)(2).

While the Court understands Walker's position that the bankruptcy forms do not instruct BPPs to file Forms 119 and B2800 themselves or verify that those forms are filed, the Court agrees with the UST that a BPP is the party ultimately responsible for ensuring compliance with § 110. First, the Court notes that as codified, section 110 is captioned "[p]enalty for persons who negligently or fraudulently prepare bankruptcy petitions." Though a *pro se* debtor or unpaid individual could, in theory, act negligently or fraudulently in preparing a bankruptcy petition, additional language in § 110 indicates that the penalties provided therein for negligent or fraudulent conduct only target BPPs, who are set apart by the fact that they, by definition, prepare bankruptcy documents for a fee. *See* 11 U.S.C. § 110(h)(3)(B) (forfeiture of fees for BPP's failure to comply), (i)(1) (penalty fees owed by the BPP for a violation of § 110), (j) (injunctions against BPPs), and (*l*) (discretionary fines for a BPP's failure to comply). It would be illogical for the burden of ensuring compliance with § 110 to be on the debtor rather than the BPP when a BPP is the only party that can be sanctioned for violating § 110.

Section 110(h) previously required that a BPP file a fee disclosure declaration within 10 days of when the petition was filed. *See* Fed. R. Bankr. P. 2016, Advisory Committee Notes. The statute was amended in 2005 to instead require that the fee declaration be filed with the petition. *Id.* Based on that amendment to the statute, Bankruptcy Rule 2016(c) now provides that the BPP "must deliver" the declaration to the debtor to "be filed with the petition." Fed. R. Bankr. P.

12

2016(c)(1). In a situation like the matter at hand, it would seem Debtor must be the one to file the Fee Declaration. However, subsection (c)(2) of Rule 2016 states that "[w]ithin 14 days after any later payment or agreement to pay *not previously disclosed*, the bankruptcy-petition preparer must file a supplemental statement." Fed. R. Bankr. P. 2016(c)(2) (emphasis added). While this provision mainly seems to contemplate when a fee is not paid or agreed to until after the petition is filed, it also suggests that if the debtor fails to file the fee disclosure with the petition, the BPP must file the disclosure with the court within 14 days. Indeed, this Court knows of at least one district wherein the local bankruptcy rules expressly require as much. *See* Md. LBR 2016-2 ("The duty to sign and file Official Forms B2800 and B119 remains at all times with the bankruptcy petition preparer and, if the debtor does not file such forms, the bankruptcy petition preparer must sign and file Official Forms B2800 and B119 within fourteen (14) days after the petition date.").

The debtor is usually the one to file documents prepared by a BPP;[15] however, the BPP bears the ultimate responsibility to ensure that Forms 119 and B2800 are filed to avoid the consequences imposed by § 110. If the debtor fails to file those forms, the BPP still has several ways to ensure that the Court receives them. The BPP could, for example, directly mail or deliver those forms to the Court, obtain a PACER account to access the case docket and check that the forms were received, request from the debtor stamped copies of the documents the debtor has filed with the Court, or call the Clerk's office to inquire about receipt of the forms. Here, Walker did not take any steps to verify that Debtor filed the BPP Declaration and Fee Disclosure. While relying on debtors to follow instructions may work in most cases, this should serve as a reminder to BPPs—or warning, for some—not to assume they have satisfied all that § 110 requires without

---

[15] Indeed, the term "document for filing" is defined as "a petition or any other document prepared *for filing by a debtor* . . . ." 11 U.S.C. § 110(a)(2) (emphasis added).

13

confirming that the disclosures they are responsible for providing have indeed been signed by the Debtor (where required) and filed with the Court.

## II. Sanctions

Sanctions for violations of § 110 can be categorized as either discretionary or mandatory.[16] Some subsections indicate what penalties courts "may" impose, suggesting they are within the Court's discretion to grant or deny. *See In re Wojcik*, 560 B.R. 763, 771 (B.A.P. 9th Cir. 2016) (noting that disgorgement and $500 fine are discretionary based on Congress's use of the term "may" in both § 110(h)(3)(B) and (*l*)(1)). In this case, the UST asks that the Court penalize Walker under subsection (h)(3)(B), which provides that "[a]ll fees charged by a bankruptcy petition preparer *may* be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g)." 11 U.S.C. § 110(h)(3)(B) (emphasis added). Additionally, the UST requests Walker be fined $500 per violation of § 110 under subsection (*l*)(1), which states: "A bankruptcy petition preparer who fails to comply with any provision of subsection (b), (c), (d), (e), (f), (g), or (h) *may* be fined not more than $500 for each such failure." 11 U.S.C. § 110(*l*)(1) (emphasis added); *In re Weathers*, 604 B.R. 13, 22 (Bankr. D.S.C. 2019) (fining the BPP the maximum $500 per violation of § 110(b), (c), and (e)); *In re Shippy*, 605 B.R. 54, 61 (Bankr. D.S.C. 2019) (fining the BPP the maximum $500 per violation of § 110(b), (c), (e), (f), and (g)).

As discussed above, Walker failed to comply with § 110(b)(2) and (h)(2). This counts as two violations of § 110 for which the Court may order Walker to forfeit her $260 fee under § 110(h)(3)(B) and/or pay up to $1,000 under § 110(*l*)(1). Under the facts of this case, the Court chooses not to penalize Walker under either of these discretionary provisions. The Court notes

---

[16] Sanctions under § 110 include fines, damages (actual and statutory), and injunctive relief. The UST did not request an injunction against the BPP in this case.

that Debtor did not bring a motion against Walker or claim actual damages. The violations in this case were not egregious, and it does not appear from the record that Walker acted fraudulently or in an unfair or deceptive manner. Considering that § 110 was enacted primarily "to protect consumers from abuses by non-lawyer petition preparers," *In re Flores*, 652 B.R. 276, 280 (Bankr. S.D. Tex. 2023), it seems inappropriate to punish the conduct at issue here when Debtor has not alleged any harm and especially where the record reflects that Walker at least attempted to comply with § 110 by providing Debtor with the required BPP disclosures. Additionally, the conduct for which the UST seeks discretionary fines is the same conduct for which the Court is awarding statutory damages (as described below). *See In re Evans*, 413 B.R. 315, 330 (Bankr. E.D. Va. 2009) ("Given that the conduct for which the U.S. Trustee seeks imposition of fines is the same conduct for which the court has awarded statutory damages, the court is loath to engage in what might fairly be viewed as piling on."); *In re Moore*, 290 B.R. 287, 298-99 (Bankr. E.D.N.C. 2003) (issuing injunction against further violations and opting not to impose fines but warning that failure to comply with § 110 going forward would result in sanction of $500 per violation); *In re Bodrick*, No. 14-31516, 2016 WL 1555593, at *6 (Bankr. W.D.N.C. Apr. 14, 2016) (declining to impose the full extent of discretionary sanctions allowed by § 110). Because the Court believes the statutory damages are sufficient penalty, no fines are awarded under § 110(h)(3)(B) and 110(*l*)(1).

The UST also requests sanctions be ordered under two provisions concerning mandatory penalties: § 110(*l*)(2) and (i)(1)(B). Subsection (*l*)(2) states:

> The court *shall* triple the amount of a fine assessed under paragraph (1) in any case in which the court finds that a bankruptcy petition preparer--
> (A) advised the debtor to exclude assets or income that should have been included on applicable schedules;
> (B) advised the debtor to use a false Social Security account number;
> (C) failed to inform the debtor that the debtor was filing for relief under this title; or

15

> (D) prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer.

11 U.S.C. § 110(*l*)(2) (emphasis added). Though the word "shall" indicates that the penalty under (*l*)(2) is mandatory if one of the enumerated conditions is satisfied, it only serves to triple the amount of any discretionary fine issued pursuant to § 110(*l*)(1). Because the Court chooses not to grant any sanctions under subsection (*l*)(1), there is no amount to be tripled. Thus, the UST's request for § 110(*l*)(2) sanctions is mooted by the Court's denial of penalties under § 110(*l*)(1).

However, based on the Court's finding that Walker violated § 110(b)(2) and (h)(2), the Court has no choice but to grant the UST's request for sanctions under (i)(1)(B). Subsection (i)(1) provides:

> If a bankruptcy petition preparer violates this section *or* commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court *shall* order the bankruptcy petition preparer to pay *to the debtor*--
> (A) the debtor's actual damages;
> (B) the greater of--
>    (i) $2,000; or
>    (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
> (C) reasonable attorneys' fees and costs in moving for damages under this subsection.

11 U.S.C. § 110(i)(1) (emphasis added). Under this provision, because Walker violated § 110(b)(2) and (h)(2) and the UST moved for statutory damages under (i)(1)(B), the Court must order Walker to pay Debtor $2,000, which is greater than twice the amount of the $260 fee Debtor paid for Walker's services. *See Wojcik*, 560 B.R. at 771 ("The use of the word 'shall' in § 110(i)(1) indicates that the bankruptcy court has no discretion in deciding whether to impose statutory damages of $2,000 once it found a violation . . . . [e]ven if no actual damages are requested . . . ."). Whether Walker understood that it was ultimately her responsibility to ensure Debtor's filing

complied with § 110 is irrelevant. *See Williams*, 588 B.R. at 262 (stating that intent to violate § 110 is not a prerequisite finding for ordering disgorgement or civil penalties); *In re Nina*, 562 B.R. 585, 597 (Bankr. E.D.N.Y. 2016) (noting that "[l]ack of knowledge of the Bankruptcy Code is irrelevant").

The apparent inequity of this outcome at first blush is not lost on the Court. The evidence suggests that Walker provided Debtor the necessary documentation under § 110, and it was Debtor's failure to file the signed BPP Declaration and Fee Disclosure that caused the violations of § 110(b)(2) and (h)(2). Thus, it would seem that ordering Walker to pay Debtor $2,000 would result in a windfall for Debtor—whose omission from filing Forms 119 and B2800 when the record indicates Walker had provided her with the forms is at best an oversight or at worst intentional. But, as discussed at length, it is the BPP who is ultimately responsible for violations of § 110. That code section was specifically enacted "to remedy what was perceived to be widespread fraud and unauthorized practice of law by non-attorneys who prepared bankruptcy documents for consumer debtors" and should be interpreted in light of that purpose. 2 COLLIER ON BANKRUPTCY ¶ 110.01 (16th ed.). As the BPP in this case, Walker had the ultimate duty to ensure that Forms 119 and B2800 were filed. The language of § 110(i)(1) does not give the Court discretion to deny statutory damages under these circumstances.

**IT IS, THEREFORE, ORDERED** that Walker shall pay to Debtor statutory damages of $2,000.00 within 30 days of the date this Order is entered. Walker shall pay such funds by cashier's check made payable to Judith Ann Corey within 30 days of this Order. The cashier's check shall be delivered to the Office of the United States Trustee, Attn: Keith Poston, Esq., 1835 Assembly Street, Suite 953, Columbia, S.C. 29201. The Office of the United States Trustee shall forward the cashier's check to Debtor upon receipt.

**IT IS FURTHER ORDERED** that Walker shall file with this Court a declaration or affidavit in this case attesting to her compliance with this Order and attaching evidence of the payment ordered herein. Failure to file this declaration with the Court shall serve as presumptive evidence that the payment required herein has not been made and may subject Walker to additional fines under 11 U.S.C. § 110(h)(5) and/or an injunction under § 110(j).

A separate judgment against Walker shall be entered concurrently with this Order.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**06/11/2025**



/s/ Elisabetta G. M. Gasparini
Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 06/11/2025